# DECISIONS

## OF THE

# Supreme Court of Florida

## JANUARY TERM, 1911.

### ADVISORY OPINION TO THE GOVERNOR.

1. Section 13 of Article IV of the State Constitution authorizes the Justices of the Supreme Court to render an opinion to the Governor only in interpreting a portion of the Constitution as it affects an executive power or duty of the Governor.

2. An executive duty appertains to the execution of laws as they exist.

3. Section 19 of Article XVI of the Constitution providing that "No convention nor legislature of this State shall act upon any amendment of the Constitution of the United States proposed by Congress to the several States, unless such convention or legislature shall have been elected after such amendment is submitted," does not relate to or affect any executive power or duty of the Governor, and the Justices of the Supreme Court are not authorized to interpret such provision in an opinion thereon requested by the Governor under Section 13 of Article IV of the Constitution.

=====================================

Advisory Opinion to the Governor.

=====================================

In the Supreme Court of Florida,
January Term, A. D., 1911.
Tallahassee, May 20th, 1911.

To His Excellency,
  Albert W. Gilchrist,
    Governor of Florida.

Sir:

The following communication from you has been received:

"State of Florida,
Executive Department,
Tallahassee, May 19, 1911.

To the Honorable Chief Justice and Justices of the Supreme Court of Florida:

Gentlemen:

Under date of July 26, 1909, the Secretary of State of the United States formally transmitted to me a certified copy of a Resolution of Congress, entitled "Joint Resolution Proposing an amendment to the Constitution of the United States," with request that I cause the same to be submitted to the Legislature of this State for such action as may be had. The Resolution thus transmitted is in words and figures as follows:

"S. J. Res. 40.

"SIXTY-FIRST CONGRESS OF THE UNITED STATES OF AMERICA;

"At the First Session

"Begun and held at the City of Washington on Monday, the fifteenth day of March, one thousand nine hundred and nine.

### "JOINT RESOLUTION

"Proposing an amendment to the Constitution of the United States.

---

"*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled (two-thirds of each House concurring therein),* That the following articles is proposed as an amendment to the Constitution of the United States, which, when ratified by the legislatures of three-fourths of the several States, shall be valid to all intents and purposes as a part of the Constitution:

" 'ARTICLE XVI. The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.'

"J. G. CANNON
"Speaker of the House of Representatives.
"J. S. SHERMAN,
"Vice-President of the United States and President of the Senate.

"Attest:
"A. McDowell
"Clerk of the House of Representatives.
"CHARLES G. BENNETT
"Secretary
"by HENRY H. GILFRY
"Chief Clerk

"I certify that this Joint Resolution originated in the Senate.

"CHARLES G. BENNETT
"Secretary.
"by HENRY H. GILFRY
"Chief Clerk."

Section 19 of Article XVI of the Constitution of the State of Florida provides as follows:

"No convention nor legislature of this State shall act upon any amendment of the Constitution of the United States proposed by Congress to the several States, unless such convention or legislature shall have been elected after such amendment is submitted."

Under the operation of Section 2 of Article VII of the State constitution, one half of the members of the State Senate composing the Legislature of Florida which convened in regular session on the 4th day of April, 1911, and is now convened in regular session were elected to be such members of the State Senate at the general election held in this State in November, 1908, the election of such members having therefore been prior to the date when the said Resolution was proposed by the Congress.

In the circumstances, I respectfully request the opinion of the Justices of the Supreme Court, under Section 13 of Article IV of the State constitution, as to whether it is my duty to submit the said Resolution, for action, to the Legislature now in session, part of the members of which were elected prior to the proposal of the Resolution by the Congress, or whether the same should be held for submission by the Governor to a Legislature all of whose members were elected subsequent to the proposal of the Resolution by the Congress.

I have the honor to remain,

Very respectfully,
ALBERT W. GILCHRIST,
Governor."

Section 13 of Article IV of our Constitution provides that: "The Governor may, at any time, require the opinion of the Justices of the Supreme Court as to the interpreta-

tion of any portion of this Constitution upon any question affecting his executive powers and duties, and the Justices shall render such opinion in writing." This Constitutional provision authorizes the Justices of the Supreme Court to render an opinion to the Governor only in interpreting a portion of the State Constitution as it affects an executive power or duty of the Governor. An executive duty appertains to the execution of laws as they exist. See Advisory Opinion to the Governor, 23 Fla., 297, 6 South. Rep., 925. What makes it your official duty as Governor of Florida to submit a proposed amendment to the Constitution of the United States to the Legislature for its action thereon? We know of no provision of law imposing upon you as Governor any such duty or power, but the Congress of the United States who initiates such proposed amendments submits them for ratification to the Legislatures of the several States. In your communication you say that you have been requested by the Secretary of State of the United States to submit the proposed income tax amendment of the Federal Constitution to the Legislature. You can comply with this request or not as you see proper to do, without any violation of any official duty. Whether it be submitted by you to the Legislature now in session or to some subsequent legislature hereafter to be assembled does not involve a construction by us of Section 19 of Article XVI of our Florida Constitution which reads as follows: "No convention nor legislature of this State shall act upon any amendment of the Constitution of the United States proposed by Congress to the several States, unless such convention or legislature shall have been elected after such amendment is submitted." This provision of our organic law is directed solely to the legislative department of our government, in which you as the Chief Executive are in no way concerned, as it does not involve any executive duty or function and we are not authorized

in this manner to construe it or to give any opinion as to it.

Very respectfully,
J. B. WHITFIELD,
R. F. TAYLOR,
T. M. SHACKLEFORD,
R. S. COCKRELL
W. A. HOCKER
C. B. PARKHILL
Justices of the Supreme Court.