PER CURIAM.
Supreme Court of Florida Tallahassee
September 9, 1957
The Honorable LeRoy Collins Governor of the State of Florida
Dear Sir:—
We have your request of August 28, 1957, for our opinion, reading as follows:
“August 28, 1957
“To the Honorable Chief Justice and the Justices of the Supreme Court of Florida Supreme Court Building Tallahassee, Florida
“Sirs:
“During the 1955 biennial session of the Florida Legislature, there was adopted Senate Concurrent Resolution No. 555, which provided for the establishment of the Florida Constitution Advisory Commission. This Commission was charged *901 with the duty of submitting to the Govern- or and to the members mf the Legislature-prior to the 1957 regular session a report and recommendations for revision of the' Constitution of the State, which duty the-Commission performed most competently.
“In the course of the 1957 session, committees of the House and Senate considered the work of the Commission and reported resolutions proposing revision of the various articles of the constitution to their respective houses. There was not, however, sufficient time for the proper consideration of these proposals during the regular session, even though the same was extended under the provisions of Section 2 of Article III of our State Constitution [F.S.A.].
“Before the expiration of such extension, the Legislature adopted Senate Concurrent Resolution No. 1414, which provided for the appointment of an interim committee, to he composed of five members of the Senate appointed by the President thereof and five members of the House of Representatives appointed by the Speaker thereof, who were given the duty of presenting a revised constitution to a special session of the Legislature. The same resolution requested me, as Governor, to call such a session not earlier than September 15 and not later than December 1 of this year.
“This committee has met and, in addition to taking action upon various proposed new articles of the Constitution, has voted to recommend to the Legislature that each resolution proposing a new article include a provision that none of the resolutions take effect unless all in the series of resolutions, making up a complete new constitution, are ratified by the electors. Such a provision was contained in each of the resolutions introduced by the House Committee on Constitutional Amendments during the 1957 regular session. Each such provision enumerated all of the other resolutions in the series and stated:
“ ‘It is recognized that under the provisions of the constitution any revision or ániendment thereof may relate to one or more subjects, but that not more than one article thereof may be amended or revised pursuant to the provisions’ of any single joint resolution of - the legislature.
“ ‘The interlocking details and the frariie-work of the constitutional provisions’ contained in the within mentioned series of joint resolutions is such that it would be impracticable to have the provisions of either of the proposed changes in the constitution become operative unless all of them do so, therefore: The within proposal for revision of the constitution shall take effect only in the event the electors ratify each and every one of the proposals for revision of the constitution as contained in the within mentioned series of joint resolutions; and in the event of such ratification the constitutional revision provided for in this resolution shall take effect July 1, 1959.
“ ‘Ballots for voting upon the subject shall be prepared in such manner that each elector may by a single vote cast his vote for or against ratification of all of the within mentioned series of proposals relating to revision of the state constitution, and also in such manner that each elector may, in the alternative, cast his vote for or against ratification of any or either of them.’
“In providing for the establishment of the Constitution Advisory Commission (SCR No. 555, regular session of 1955), the Legislature found our State should have ‘a well ordered and properly arranged constitution * * * so framed and projected as to provide a simple, direct and easily understandable reference to the basic law of the land’ and further that, ‘during the 70 years since adoption of our State Constitution, the economic and social conditions of the State of Florida have gone through an evolution and change unparalleled in any like time in our history.’
“Constitutional revision, therefore, is a matter of primary and urgent public con *902 cern and-it is my desire to convene a special session of the Legislature, pursuant to the provisions of Section 8 of Article IV, and in accordance with the aforesaid legislative request for such a session. In view of the interim committee’s recommendation that ratification of each of the series of joint resolutions be made contingent upon ratification of all, which recommendation I am now inclined to endorse upon the calling of a special session, it appears likely that the Legislature would proceed to consider revision under such an arrangement, which, if later found to be unconstitutional would result in the nullification of the work of the Constitution Advisory Commission and of the Legislature. Thus the expenses which have already been incurred in this work and which would be incurred in the special session and in the submitting of the revised articles to the electors would be for nought and a waste of public funds would result. Or, it is possible that the revised constitution, if valid at all, would be left in a state of confusion since conflicts or omissions could very well result from rejection by the electors of certain proposed articles and approval of others.
“I, therefore, have the honor to request of you, pursuant to Section 13 of Article IV of the Constitution, your opinion in writing as to the validity of the interdependent arrangement which will be projected in language similar to that quoted above from the resolutions introduced during the 1957 regular session by the House Committee on Constitutional Amendments.
“Respectfully,
/s/ LeRoy Collins
Governor”
Sympathetic as we are with your effort, in good faith, to avoid the complexities of the situation hypothesized by you, as detailed in your letter, we have sought in vain to find some way in which the question presented can be brought within the orbit of our jurisdiction under Sec. 13 of Article 4 of the Constitution. As you know, our authority to give advisory opinions is limited to the interpretation of any portion of the Constitution upon any question affecting your executive powers and duties. Since it does not appear that the exercise of an executive power or duty is or will be affected by the requested interpretation of the legislative action proposed, we are compelled, under numerous precedents of this court, to decline to answer your request. See Advisory Opinion to the Governor, 1911, 61 Fla. 1, 55 So. 460; In re Advisory Opinion to the Governor, 1912, 64 Fla. 1, 59 So. 778; In re Advisory Opinion to the Governor, 1931, 103 Fla. 668, 137 So. 881.
Respectfully,
/s/ ELWYN THOMAS Elwyn Thomas Acting Chief Justice
/s/ B. K. ROBERTS B. K. Roberts
/s/ E. HARRIS DREW E. Harris Drew
/s/ CAMPBELL THORNAL Campbell Thornal
/s/ STEPHEN C. O’CONNELL Stephen C. O’Connell Justices.