# OPINIONS

## RENDERED TO HIS EXCELLENCY THE GOVERNOR

### IN THE YEARS 1872-'3.

———•—

In the Matter of the Executive Communication of the 1st of February, 1872, relating to the Office of Attorney General.

1. After the neglect or refusal of a person appointed to an office to take the oath of office required by the Constitution for thirty days after personal notice of his appointment, such office is deemed vacant under the laws of this State.

2. Section 7, Article V. of the Constitution of this State, relates only to offices which are filled by election by the people.

3. Where the Governor fills a vacancy in an office requiring the confirmation or advice and consent of the Senate, the person so appointed holds the office until the end of the next ensuing session of the Senate, unless an appointment be sooner made and confirmed by the Senate. The Executive cannot make such an appointment for a shorter time.

Executive Office,<br>
Tallahassee, Fla., Feb. 1, 1872.

*To the Honorable the Justices of the Supreme Court :*

According to Section 16, Article V. of the Constitution, I desire your opinion as to the interpretation of the Constitution bearing upon, and the points of law involved in the following facts :

On the 27th day of January, 1871, I appointed J. B. C. Drew Attorney General, to act as such until the first day of May, 1871, and a commission for such limited time was issued to him on the same day, a copy of which is annexed.

On the same day Mr. Drew filed in the office of the Secretary of State an oath in manuscript, (a copy of which is hereunto annexed) omitting to affirm his legal qualification to hold the office as is required by the Constitution.

On the 8th day of January, 1872, I received from the Secretary of State official notice of Mr. Drew's delinquency and of the expiration of his term of office under his appointment, and notified Mr. Drew accordingly. Afterward Mr. Drew filed a new oath bearing date the 9th of January, conforming to the constitutional requisition.

On the 19th of January, considering the office vacant, I sent to the Senate the nomination of Mr. Emmons for Attorney General, which nomination is not yet confirmed.

I now desire from the Honorable Justices of the Supreme Court an opinion in writing as to whether, in view of the facts and records cited, there is not a vacancy in said office of Attorney General.

And I further desire the explicit opinion of the justices as to the true interpretation of the provision in Section 7 of Article V. of the Constitution, which limits the scope of *ad interim* appointments to the "close of the next election."

Does such or similar provision simply affix a maximum limit to all *ad interim* appointments, or does it preclude the Executive from limiting appointments to a shorter time?

Very respectfully, your obedient servant,

HARRISON REED, *Governor*.

---

SUPREME COURT ROOM, }
Tallahassee, Fla., February 5, 1872. }

*To His Excellency the Governor of the State of Florida:*

SIR: Your official communication addressed to the Justices of the Supreme Court, under date of February 1, has received consideration. You ask our "opinion as to the interpretation of the Constitution bearing upon, and the points of law involved in the following facts:" That on the 27th day of January, 1871, you appointed J. B. C. Drew to be Attorney General until the first day of May, 1871, a copy of the commission being annexed to your letter. That on the same day Mr. Drew filed in the office of the Secretary of State an oath, in manuscript, not in the form prescribed by

the Constitution, the words, " and that I am entitled to hold office under this Constitution " being omitted, of which fact you were officially notified on the 8th January, 1872, and that on the 9th day of January, 1872, Mr. Drew filed an oath of office in due form.

Upon these facts you desire from the Justices of the Supreme Court an opinion in writing, whether (no appointment having been since perfected) there is not a vacancy in the office of Attorney General, and whether the provisions authorizing appointments prescribe " a maximum limit to all *ad interim* appointments, or preclude the Executive from limiting appointments to a shorter time."

In reply, I have the honor to submit the following:

1. Section 10 of Article XVI. of the Constitution prescribes a form of the oath of office required to be taken by all officers in this State. It says : " The following shall be the oath of office for each officer in the State," and then follow the words of the oath required.

No other form of oath can be the oath which " shall be the *oath of office.*" It might not be vitiated by a transposition of its terms, so the entire oath in its effect was preserved, but the whole of the oath must be taken. The omission of the words which are not inserted in the oath referred to makes it an oath which may be taken by one not having the requisite qualifications to hold office, and those words were probably inserted for the purpose of preventing the filling of offices by persons not legally qualified. But it is enough that the Constitution requires the full oath to be taken.

The act of 1868, relating to vacancies in office, says : Section 1. " Every office shall be deemed vacant in the following cases :  *  *  *  By the neglect or refusal to qualify according to law within thirty days after personal notice of his election or appointment, or by his refusal to accept the office."

It appears by the memorandum filed with the oath in January, 1871, that the appointee accepted the office under

the appointment on the day of the date of the commission, thus showing the " notice of his appointment " on that day.

By the terms of the law, then, the office must be ." deemed vacant " or not filled by reason of the neglect to qualify by taking the requisite oath within the thirty days. The taking of the oath in January, 1872, nearly a year afterward, could not restore the right to take the office which had been lost by the expiration of thirty days. "Shall be deemed vacant " is equivalent to saying "shall be adjudged or concluded to be vacant." " By his neglect or. refusal to qualify within thirty days " is put upon the same footing as " by his refusal to accept," or by the death, resignation, or removal, or ceasing to be an inhabitant of the State, and other cases in which the same statute declares that an office may be vacated or refused.

Upon the facts as stated, the appointee has no title in law to the office, and the office is " deemed vacant."

It may be proper to say here that though a person may not have qualified according to law, he may be considered, as to any official acts performed under color of office, an officer de facto, such acts being valid as to third persons. Though valid as to strangers, they are void as to the officer himself. I refer to Greenleaf vs. Low, 4 Denio, 168 ; Weeks vs. Ellis, 2 Barbour, 320 ; Green vs. Burke, 23 Wendell, 490 ; The People vs. Hopson, 1 Denio, 574.

2. I understand that at the time of making the appointment the Legislature was not in session, and that the office of Attorney General was vacant.

The Constititution, Article V., Section 7, gives the Governor the power to fill a vacancy in any office, when no other mode is provided by the Constitution or by law, " by granting a commission which shall expire at the next election."

The matter of appointment to fill vacancies in offices has also been provided for by the act of the Legislature entitled " An act relating to vacancies in office," passed August 6, 1868. Section 2 of this act provides that it shall be the duty

of the Governor to fill such vacancies by an appointment, and the person appointed shall be entitled to take and hold such office, if elective, until an election, and if it be not an elective office, until the end of the next ensuing session of the Senate, unless a successor be sooner appointed and confirmed or consented to by the Senate.

This act of the Legislature was doubtless intended to provide for filling vacancies in offices not elective as well as elective, the words of the constitutional provision seeming to refer to the temporary filling of offices which might be supplied " at the next election," and to contemplate that the Legislature might provide for all cases not expressly provided for.

If the commission was controlled by the terms of the Constitution, it would expire at the happening of an election; which, it seems to me, would be absurd in the case of an office, the title or tenure of which does not depend upon the result of a popular election. I think, therefore, that the appointment to fill a vacancy is controlled, as to its term, by the legislative act.

The appointment or commission in question, limiting the term of office to a period other than that fixed by law, is either void, *in toto*, or void only as to the limitation of the term of office; and I conclude that the commission was valid and effectual to confer the office upon the appointee; that, being so invested, his term is fixed by the law under which the authority to appoint was derived, and that the limitation named in the commission cannot control as against the written law.

Regretting the circumstances impelling you to require this communication, yet I am not at liberty to hesitate when a constitutional duty is required to be performed, and I submit the foregoing to your Excellency's consideration.

Very respectfully,

E. M. RANDALL,
*Justice of Supreme Court.*

SUPREME COURT ROOM, }
Tallahassee, Fla., February 5, 1872. }

*To His Excellency* HARRISON REED,

*Governor of Florida :*

SIR : Under the provisions of the act entitled An act rela-. ting to vacancies in office, approved August 6, 1868, the neglect or refusal of an appointee to take the oath of office required by the Constitution for thirty days after personal notice of appointment, vacates the office. If an appointee, intending to take the oath required, makes an innocent mistake in the terms of the oath taken and filed, and a commission framed in accordance with law issues thereon, I am not prepared to say that this would be a neglect or refusal to qualify within the meaning of the act.

The facts which you present in your communication in reference to the action of the appointee to the office of Attortorney General are such as lead me to the conclusion that this case is not one of mistake but of intention, and that it is within the meaning of the law. As I see no reason to question the constitutionality of the act, I must, therefore, be of opinion that there is a vacancy in the office of Attorney General.

To the next question I reply that Section 7 of Article V. of the Constitution does not relate to offices that are filled by the combined action of the Executive and Senate, but only to offices the incumbents of which are chosen by the people.

To the last question I reply that the second section of the act approved August 6, 1868, referred to above, provides that in cases where the Governor fills a vacancy in an office requiring the confirmation or advice and consent of the Senate, the person so appointed may hold the office until the end of the next ensuing session of the Senate, unless an appointment be sooner made and confirmed or consented to by the

Senate. I am of opinion that a proper construction of this section " precludes the Executive from limiting appointments to a shorter time."

Very respectfully,<br>
JAMES D. WESTCOTT, JR.,<br>
<em>Justice Supreme Court Florida.</em>