ADVISORY OPINION TO THE GOVERNOR.

Opinion Filed May 14, 1913.

1. The provision of Section 14 of Article 16 of the constitution that all state, county and municipal officers shall continue in office after the expiration of their official terms until their

successors are duly qualified, is not a limitation upon the power of the Governor to fill vacancies in the succeeding term of any State and county office.  The purpose of the provision is to prevent a hiatus in government until the appointing power acts and the appointee qualifies, wherever there is a vacancy in the term of an office; and to accomplish this the encumbent at the expiration of a former term is authorized to hold over in the succeeding term until the qualification of a successor as provided by law.

2.  Section 6 of Article XVI contemplates that vacancies may occur in the terms of elective offices under the constitution, and provides that the term of office of all appointees to fill such vacancies, shall extend only to the election and qualification of a successor at the ensuing general election.  .

3.  Section 2 of Article XVI provides that every officer of the State shall before entering upon the discharge of his official duties take the prescribed oath.  The statutes require the giving of official bonds by designated State officers and also provide that no commission shall be issued by the Governor to any person who is by law required to give an official bond, until such bond has been duly executed, approved and filed.

4.  The statute provides that every office shall become vacant for neglect or refusal to qualify according to law within sixty days after election or appointment.  This has reference to the term of the office for which the election was had or the appointment was made.

5.  In order to qualify as an incumbent of an office the oath prescribed by the constitution must be duly taken, and where a bond is required by law, it must be duly executed, approved and filed.

6.  If a person elected or appointed to office shall neglect or refuse to qualify within sixty days after his election or appointment, the term of the office to which he was elected or appointed is declared by the statute to "be deemed vacant."

7.  When a term of an elective State office is vacant within the meaning of the statute, the Governor has the executive power

under the constitution to fill such vacancy by appointment, but the term of office of such appointee "shall extend only to the election and qualification of a successor at the ensuing general election." .

8. Where a person is elected to a State office and neglects or refuses to qualify within 60 days after such election by taking the oath prescribed by the constitution and by duly executing a bond if so required by law within such time, the term of such office is by the statute declared to "be deemed vacant;" and the Governor is authorized to fill such vacancy by an appointment on a commission which "shall extend only to the election and qualification of a successor at the ensuing general election."

The following communication was received from the Governor:

"STATE OF FLORIDA,

EXECUTIVE CHAMBER,

Tallahassee, May 12, 1913.

*To the Honorable Justices of the Supreme Court of Florida:*

Gentlemen—

A gentleman who was elected to an elective State office at the general election held in this State November 5, 1912, to succeed himself, has filed with me a bond, an oath and the statutory commission tax as qualification for the issuance of a commission to such office. The bond and oath were both executed and filed with me May 10, 1913. The bond is predicated upon the said election. No qualification under said election was sooner made, though the election to said office was duly certified and not contested.

In view of the provisions of Section 298 of the Gen-

eral Statutes and of the authority duly imposed upon the Governor by the State constitution to fill vacancies in offices, I have the honor to request the written opinion of the Justices of the Supreme Court as to whether under the constitution, as Governor, I am authorized to issue to the gentleman so elected and who has so tendered qualification papers a commission for the term of four years for which he was elected, or whether such commission should be issued upon an appointment to extend until the election and qualification of a successor to such officer.

<div style="text-align:center">

Very respectfully,

PARK TRAMMELL,

Governor."

</div>

---

<div style="text-align:center">

STATE OF FLORIDA,

SUPREME COURT,

May 14th 1913.

</div>

*To His Excellency,*
*Park Trammell,*
*Governor of Florida:*

*Sir*—

Your communication has been duly considered. In effect your request is for an opinion as to your Executive power and duty under the constitution in issuing a commission to one who, at the general election held November 5, 1912, was elected to succeed himself as a State officer, but who, though his election to said office was duly certified and the election was not contested, did not execute and file his oath of office and bond till May 10, 1913..

The provisions of the State constitution bearing upon the subject are as follows:

"The Governor may, at any time, require the opinion of the Justices of the Supreme Court as to the interpretation of any portion of this Constitution upon any question affecting his executive powers and duties, and the Justices shall render such opinion in writing."

"All grants and commissions shall be in the name and under the authority of the State of Florida, sealed with the great seal of the State, signed by the Governor, and countersigned by the Secretary of State."

"All State, county and municipal officers, shall continue in office after the expiration of their official terms until their successors are duly qualified."

"The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution, shall extend only to the election and qualification of a successor at the ensuing general election."

"In all cases of elections to fill vacancies in office such election shall be for the unexpired term."

"A general election shall be held in each county in this State, on the first Tuesday after the first Monday in November, A. D. 1898, and every two years thereafter, for all elective State and county officers whose terms of office are about to expire, or for any elective office that shall have become vacant."

"Each and every officer of this State, including the members of the legislature, shall before entering upon the discharge of his official duties take the following oath of office: 'I do solemnly swear (or affirm) that I will support, protect, and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the State, and that I will well and faithfully perform the duties of .............................................. on which I am now about to enter. So help me God.'"

Section 298 of the General Statutes provides: "Every office shall be deemed vacant ................................ by ................ ................ neglect or refusal to qualify according to law within sixty days after his election or appointment."

The provision of Section 14 of Article 16 of the Constitution that all State, county and municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified, is not a limitation upon the power of the Governor to fill vacancies in the succeeding term of any State and county office. The purpose of the provision is to prevent a hiatus in government until the appointing power acts and the appointee qualifies, wherever there is a vacancy in the term of an office; and to accomplish this the encumbent at the expiration of a former term is authorized to hold over in the succeeding term until the qualification of a successor as provided by law. State ex rel. Robert v. Murphy, 32 Fla. 138, 13 South. Rep. 705.

Section 6 of Article XVI contemplates that vacancies may occur in the terms of elective offices under the Constitution, and provides that the term of office of all appointees to fill such vacancies, shall extend only to the election and qualification of a successor at the ensuing general election; and Section 9 of Article XVIII as amended provides for a general election on the first Tuesday after the first Monday in November, A. D. 1898, and every two years thereafter, to fill the term of any elective office that shall have become vacant.

Section 2 of Article XVI provides that every officer of the State shall before entering upon the discharge of his official duties take the prescribed oath. The statutes require the giving of official bonds by designated State officers and also provide that no commission shall be issued by the Governor to any person who is by law re-

quired to give an official bond, until such bond has been duly executed, approved and filed. Sec. 296, Gen. Stats.

The statute provides that every office shall become vacant for neglect or refusal to qualify according to law within sixty days after election or appointment. This has reference to the term of the office for which the election was had or the appointment was made. In order to qualify as an incumbent of an office the oath prescribed by the constitution must be duly taken, and where a bond is required by law, it must be duly executed, approved and filed. If a person elected or appointed to office shall neglect or refuse to qualify within sixty days after his election or appointment, the term of the office to which he was elected or appointed is declared by the statute to "be deemed vacant." When a term of an elective State office is vacant within the meaning of the statute, the Governor has the executive power under the Constitution to fill such vacancy by appointment, but the term of office of such appointee "shall extend only to the election and qualification of a successor at the ensuing general election."

Section 20 of Article IV provides for designated "administrative officers" "who shall be elected at the same time as the Governor and shall hold their offices for the said term," and Section 28 of Article IV provides that such administrative officers "shall be installed on the same day as the Governor." These provisions harmonize with others herein referred to. The Governor was elected at the general election in November, 1912, and he was installed on the first Tuesday after the first Monday in January, 1913.

From the statement in the executive communication that the person therein referred to was at the general election 1912 elected to succeed himself in a State of-

fice, and that he did not execute and file the oath required by the Constitution until May 10, 1913, though the election of such person to the office was duly certified and not contested, it seems clear that under the statute the current term of the office should "be deemed vacant." Advisory Opinion to the Governor, 14 Fla. 277.

The incumbent of the office at the expiration of the former term was and is authorized by Section 14 of Article XVI of the Constitution to continue in office until his successor is duly qualified, therefore there has been no hiatus in the office.

Under the Constitution the Governor has the power to make an appointment and to issue a commission to fill the vacancy in the term of the office referred to, but the term of such appointment and commission "shall extend only to the election and qualification of a successor at the ensuing general election," as required by Section 6 of Article XVIII of the Constitution.

<div style="text-align:right">

Very respectfully,

THOMAS M. SHACKLEFORD,

R. F. TAYLOR,

R. S. COCKRELL,

W. A. HOCKER,

J. B. WHITFIELD,

Justices of the Supreme Court.