IN RE: ADVISORY OPINION TO THE GOVERNOR.

Opinion Filed November 27, 1926.

1. Both Section 6 and Section 9 of Article XVIII contemplate that vacancies may occur in the terms of elective officers under the Constitution. Section 6 provides for appointment to fill such vacancies only to the election and qualification of a successor at the ensuing general election from said vacancy and appointment.

2. The opinion of the Supreme Court under Section 13 of Article IV of the Constitution is restricted to the interpretation of any portion of the Constitution upon any question affecting the executive powers and duties of the Governor.

3. "Executive powers and duties" has been construed to mean a duty appertaining to the execution of the laws as they exist.

4. The Tax Collector of Manatee County elected and commissioned for the term ending in January, 1929, died thirteen days before the general election held November 2nd, 1926. An appointment was at once made to fill the vacancy till the next general election. Under this state of facts the County Commissioners of Manatee County were authorized under Section 9 of Article XVIII of the Constitution to make provision for the election of a Tax Collector at the general election held November 2, 1926, to fill out the unexpired term.

5. When it appears that an election was duly provided for and was legally held throughout the county under circumstances as outlined in the previous headnote, it becomes the duty of the Governor under Section 7 of Article XVIII of the Constitution to commission the one receiving the highest number of votes cast for the office voted for at said election.

Tallahassee, Fla,. Nov. 16, 1926.

To the Honorable The Justices of
the Supreme Court of Florida.

Sirs:

The Tax Collector of Manatee County, who was elected in 1924 and commissioned for a term ending in January, 1929, died thirteen days before the general election held on November 2, 1926. An appointment to fill the vacancy until the next general election was made by me under the law. When the notice of the holding of said general elec-

tion was issued as required by law, no vacancy existed in the office of Tax Collector of Manatee County, and hence that office was not included in the notices of election. The vacancy having occurred subsequent to the issuance of said call, but prior to the preparation of the ballots to be used at said general election, the County Commissioners of Manatee County caused to be placed on the ballots used at said general election in Manatee County a blank space beneath the caption: "Tax Collector," with the instruction thereunder: "Vote for one," the name of no nominee appearing on the ballot under that caption because no such nominee had been or could be selected under the law between the death of the former incumbent and the day of the election. On the ballots provided and used at said general election, seventeen persons received votes for the office of Tax Collector, the electors indicating their choice by writing the name of the person voted for in the blank space provided on the ballot and placing an "X" mark before such name. The voting for the office of Tax Collector was general throughout the nineteen election districts of Manatee County, there being cast a total of 1554 votes for all persons voted for for Tax Collector of Manatee County, one of which persons received a total of 543 votes for Tax Collector distributed throughout the nineteen election districts aforesaid. Votes for the several remaining sixteen persons were cast very generally throughout all of the election districts of the County. The County Canvassing Board has canvassed the returns and certified the one of the seventeen persons voted for for Tax Collector at said general election received 543 votes, the same being the highest number of votes cast for the office of Tax Collector of Manatee County at said general election on November 2, 1926.

Under Section 13, Article IV, of the Constitution, I re-

quest your opinion whether it is my duty under the constitution to issue a commission as Tax Collector to the person who received the greatest number of votes cast at said election for the office of Tax Collector of the County of Manatee, for the unexpired term which ends in January, 1929.

Respectfully,

JOHN W. MARTIN,
Governor.

Hon. John W. Martin,
Governor of Florida.

Sir:

We have the honor to acknowledge receipt of your communication of November 16th, in which it is made to appear that the Tax Collector of Manatee County died thirteen days before the general election held November 2, 1926, and that you, as Governor, made an appointment to fill the vacancy until the next general election. It is further made to appear that the County Commissioners of Manatee County in preparing the ballot for the general election made provision for the election of a Tax Collector, that seventeen persons were voted for generally throughout the County for Tax Collector and that one of said persons received Five Hundred and Forty-three votes out of a total of One Thousand Five Hundred and Fifty-four votes cast for said office and that said Five Hundred and Forty-three votes were distributed generally throughout the County. The County Canvassing Board canvassed the returns and certified the name of the party receiving the Five Hundred and Forty-three votes as the one who received the highest number of votes cast at said election.

Under Section 13 of Article IV of the Constitution, the

Governor may, at any time, require the opinion of the Justices of the Supreme Court as to the interpretation of any portion of this Constitution, upon any question affecting his executive powers and duties, and the Justices shall render such opinion in writing.

Section 9 of Article XVIII of the Constitution provides that a general election shall be held in this State on the first Tuesday after the first Monday in November, A. D. 1898, and every two years thereafter for all elective State and county officers whose terms of office are about to expire, or *for any elective office that shall have become vacant.*

Section 6 of Article XVIII of the Constitution provides that the term of office for all appointees to fill vacancies in any of the elective offices under the Constitution shall extend only to the election and qualification of a successor at the ensuing general election.

Both Section 6 and Section 9 of Article XVIII contemplate that vacancies may occur in the terms of elective officers under the Constitution. Section 6 provides for appointment to fill such vacancies only to the election and qualification of a successor at the ensuing general election and Section 9 makes it mandatory to fill said vacancies by election at the ensuing general election from said vacancy and appointment. Advisory Opinion to the Governor, 65 Fla. 434, 62 South. Rep. 363; Advisory Opinion to Governor, 25 Fla. 426, 5 South. Rep. 613. Amended Section 6 of Article VIII of the Constitution among other things fixes the terms of office of Tax Collectors at four years and makes it mandatory on the legislature to make provision for their election by the qualified electors of each county. Section 7 of Article XVIII of the Constitution provides that in all cases to fill vacancies in office such election shall be for the unexpired term.

The duty of the Governor with reference to the commis-

32—Vol. 92.

, sioning of all county officers except assistant assessors of taxes is defined in Section 7 of Article VIII of the Constitution, and is as follows:

"All County officers, except assistant assessors of taxes, shall before entering upon the duties of their respective offices, be commissioned by the Governor; but no such commission shall issue to any officer until he shall have filed with the Secretary of State a good and sufficient bond in such sum and upon such conditions as the legislature shall by law prescribe, approved by the county commissioners of the county in which said officer resides, and by the Comptroller."

Section 394 Revised General Statutes is of similar import.

Reverting to Section 13 of Article IV it will be observed that the terms of the Constitution restrict the request of the Governor to the "interpretation of any portion of this Constitution, upon any quesion affecting his executive powers and duties." "Executive powers and duties" has been construed to mean a duty appertaining to the execution of the laws as they exist. Advisory Opinion to the Governor, 61 Fla. 1, 55 South. Rep. 460. It follows that this court is not under Section 13 of Article IV of the Constitution authorized to advise with reference to the legality of any phase of the election held in Manatee County. It is not out of place to state however that under the foregoing provisions of the Constitution and the facts outlined it was proper for the County Commissioners to make provision for the election of a Tax Collector and since that office was voted for generally throughout the county, and the Five Hundred and Forty-three votes of the party receiving the highest number of votes were distributed generally throughout the county, it may be assumed in the absence of any contrary showing that the election was regularly and properly

held, that the people of Manatee County were advised of the vacancy and did their duty in the premises.

We therefore advise that your appointment to fill the vacancy in the office of Tax Collector of Manatee County was authorized under Section 6 of Article XVIII of the Constitution, that said appointment expired on the election and qualification of a successor at the ensuing general election held November 2, 1926, that by virtue of Section 9 of Article XVIII, it was legal and proper for the electorate of Manatee County to fill said vacancy by election at the said general election, which it appears they did in fact do, and that it now becomes your duty as Governor under Section 7 of Article VIII, and Section 7 of Article XVIII of the Constitution to commission the one so elected for the unexpired term.

> Very respectfully,
> W. H. ELLIS,
> ARMSTEAD BROWN,
> GLENN TERRELL,
> J. B. WHITFIELD,
> LOUIE W. STRUM,
> RIVERS BUFORD.