Whitfield, J.
 

 In quo warranto proceedings brought November 12, 1930, by the State of Florida upon the relation of the Attorney-General, it is charged by information that R. C. Howell “on November 6, 1930, and thence continuously, has used, exercised and performed, and still does enjoy, use, exercise and perform, without warrant or authority, in violation of the Constitution and the laws of said State, the franchise, functions and powers of the office of sheriff in and for Putnam Cpunty, which said office and franchise and functions and powers thereof the said R. C. Howell, during all of the time aforesaid, in the county and State aforesaid, usurped, and still does usurp.” A writ was issued requiring R. C. Howell “to answer unto said information concerning the matters therein alleged and charged.”
 

 
 *1392
 
 By answer the respondent avers that he is a citizen and resident of Putnam County, Florida, over 21 years of age and a qualified elector of said county and in all respects qualified to hold the office of sheriff of said county; that P. M. Hagan, the sheriff of Putnam County, Florida, (whose term presumably extended to January, 1933, Constitution Section 6, Article VIII,) died on October 24, 1930, during the Fall Term of the Circuit Court in said county, that on said date the respondent was under the statute (Sec. 4574 Comp. Gen. Laws) appointed by the Judge of the Circuit Court to be sheriff of the county during the “Fall Term of said court, A. D. 1930, and no longer,” that the Fall Term of the Circuit Court' adjourned
 
 sine clie
 
 November 5, 1930, that at the general election for State and county officers held on November 4, 1930, the respondent was duly elected sheriff of Putnam County, Florida, to fill the unexpired term of P. M. Hagan, sheriff, deceased, as will more fully and at large appear from the certificate of the county canvassing board of elections of Putnam County, Florida, a copy of the certificate being attached to the answer; that on November 7, 1930, the supervisor of registration of Putnam County issued his official certificate ‘ ‘ certifying and notifying this respondent of his election as sheriff,” the certificate being attached; that on November 7, 1930, respondent entered into a good and sufficient bond as the duly elected sheriff of Putnam County as required ‘by law, and deposited it with the clerk of the board of county commissioners “to be approved by said board at the earliest possible time,” so it may be transmitted to the coimptroller for his approval and thereafter file the same in the office of the Secretary of State as required by law; “that having so made bond, and deposited the same with the said clerk, as aforesaid, this Respondent, on the 7th day of November,
 
 *1393
 
 A. D. 1930, took the oath of office as provided by Article XVI, Section 2, of the Constitution of the State of Florida, before the Honorable C. H. Kennerly, County Judge of Putnam County, Florida, and, having subscribed the same, filed said oath of office in the office of the Secretary of State of the State of Florida, a true copy of the aforesaid bond, and the aforesaid oath, being hereto attached;” “that there has been no meeting of the Board of County Commissioners of Putnam County, Florida, since this Respondent received the said Certificate of his said election, and since the making and depositing of his said bond with the said clerk, as aforesaid, and that the said board of county commissioners will not hold a regular meeting until the first Tuesday in December, A. D. 1930, and have failed and refused to hold any special meeting for the purpose of considering and approving this Respondent’s said bond, although requested by him to do so, and that because of the failure of the said county commissioners to approve his said bond, this Respondent is unable to file his said bond with the Secretary of State, as required by law, to qbtain his commission as Sheriff of Putnam County, Florida, from the Governor of the State of Florida; and this Respondent says that he holds title to said office as Sheriff of Putnam County, Florida, by virtue of his said election, and continues in office under the provisions of the Constitution and laws of the State of Florida. ’ ’ The certificate of the election returns in the county shows that R. C. Howell received 345 votes for sheriff, all others received 12 votes for sheriff. The highest number of votes cast at the election for any office was 1194.
 

 The answer shows that the bond .executed by the respondent has not been approved by the county commissioners or by the Comptroller, and that consequently the
 
 *1394
 
 respondent is not authorized to receive a commission or to act as sheriff. Section 7, Article VIII, Section 13, Article XVI, Constitution; Stinson v. State, 76 Fla. 421, 80 So. R. 506.
 

 Presumably, upon the death of P. M. Hagan, sheriff, the Governor duly appointed an incumbent to serve until the election and qualification of a sheriff as provided by law. Section 7, Article IV, Section 6, Article XVIII, Constitution, Sections 461-4 Comp. Gen. Laws.
 

 It appears by the answer that is demurred to that R. C. Howell was elected as sheriff at the general election for the unexpired term; and when he qualifies as required by law he will be entitled to an appropriate commission. Advisory Opinion to the Governor, 92 Fla. 989, 111 So. R. 252; Sections 7 and 9, Article XVIII, Section 7, Article VIII, Constitution; Section 251 Comp. Gen. Laws.
 

 The relator’s demurrer to the respondent’s “answer and pleas to the information” is sustained with leave to amend if so desired.
 

 Terrell, C. J., and Ellis, Strum, Brown and Buford, J. J., concur.