Mr. Murray Gilman Executive Director Housing Authority City of Miami Beach 200 Alton Road Post Office Box 39646 Miami Beach, Florida 33119-0646
Dear Mr. Gilman:
This is in response to your request for an opinion on substantially the following questions:
 1. MAY THE NUMBER OF COMMISSIONERS OF THE CITY OF MIAMI BEACH HOUSING AUTHORITY'S GOVERNING BOARD BE EXPANDED FROM FIVE TO SEVEN MEMBERS PURSUANT TO s 421.05(1), F.S.?
 2. MAY THE "DATE OF APPOINTMENT" OR DETERMINATION OF THE RESPECTIVE CYCLES OF OFFICE OF THE COMMISSIONERS OF THE HOUSING AUTHORITY OF THE CITY OF MIAMI BEACH BE CHANGED PURSUANT TO s 421.05, F.S., AND, IF SO, WHO IS AUTHORIZED TO MAKE SUCH CHANGE?
Based on the information supplied with your opinion request I must assume for purposes of this discussion that the Housing Authority of the City of Miami Beach was created prior to October 1, 1980. Your letter states that the Miami Beach Housing Authority Commission is currently composed of five members whose "date of . . . appointment" is October 11.
QUESTION ONE
Section 421.05, F.S., establishes procedures to be followed for the appointment of members of the commission of a city housing authority. As set forth in subsection (1), "[w]hen the governing body of a city adopts a resolution (declaring that there is a need for a housing authority in the city), the mayor, with the approval of the governing body, shall promptly appoint no fewer than five persons as commissioners of the authority created for said city." (e.s.) Prior to its amendment, s 421.05(1), F.S. 1979, provided that "[w]hen the governing body of a city adopts a resolution as aforesaid, the mayor with the approval of the governing body shall promptly appoint five persons as commissioners of the authority created for said city." (e.s.) Section 421.05(1), F.S. 1979, was amended by s 1, Ch. 80-357, Laws of Florida, effective October 1, 1980, to authorize the appointment of "no less than" five persons as commissioners and again by s 273, Ch. 81-259, Laws of Florida, resulting in the current codification.
The title of Ch. 80-357, Laws of Florida, does not indicate that the provisions contained therein are meant to operate retrospectively. Where it is intended that a statute should have retrospective operation, the title must convey appropriate notice of this intent. See, 30 Fla.Jur. Statutes s 150; Van Loon v. Van Loon, 182 So. 205 (Fla. 1938); Chiapetta v. Jordan, 16 So.2d 641
(Fla. 1944). Further, it is a well-settled rule that a statute will not be construed as retroactive unless its terms clearly show that the Legislature intended such a result. Instead the presumption is that a legislative act operates prospectively only, unless there is a clear showing of retroactive intent. See, e.g., State ex rel. Bayless v. Lee, 23 So.2d 575 (Fla. 1945); Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla. 1973); Keystone Water Company, Inc. v. Bevis, 278 So.2d 606 (Fla. 1973); Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla. 1978); Seddon v. Harpster, 403 So.2d 409
(Fla. 1981); Indemnity Insurance Company v. Brooks-Fisher Insulating Co., 140 So.2d 613 (2 D.C.A. Fla., 1962). See generally, 82 C.J.S. Statutes s 414.
Therefore, in the absence of any clearly expressed legislative intent to provide retrospective application to s 1, Ch. 80-357, Laws of Florida, no such application may be implied and city housing authority commissions created prior to the effective date of this act, October 1, 1980, are not affected by the amendments made therein providing for an increase in the number of appointed commissioners to such a body.
QUESTION TWO
As discussed above, s 421.05(1), F.S., sets forth procedures for the appointment of members of the commission of a city housing authority. In subsection (1), the terms of office for commissioners appointed to the housing authority are statutorily prescribed as follows:
 Three of the commissioners who are first appointed shall be designated to serve for terms of 1, 2, and 3 years respectively; the remaining commissioners shall be designated to serve for terms of 4 years each, from the date of their appointment. Thereafter, commissioners shall be appointed as aforesaid for a term of office of 4 years, except that a vacancy shall be filled for the unexpired term by an appointment by the mayor with the approval of the governing body within 60 days after such vacancy occurs. . . . A commissioner shall hold office until his successor has been appointed and has qualified. . . .
As this section states, the mayor of a city shall promptly appoint the commissioners of the authority for the statutorily prescribed initial terms of office "when the governing body of the city adopts a resolution" (e.s.) declaring a need for such an authority. Stating that the remaining commissioners of the authority shall serve prescribed terms from the date of their appointment, s 421.05(1), F.S., impliedly provides that the cycle of office of all the commissioners is governed by the date or dates of their initial appointment. Cycle terms of office begin with the first appointments unless otherwise provided by law. State v. Bird, 163 So. 248, 254 (Fla. 1935); State v. Amos,133 So. 623, 625 (Fla. 1931). See also, State v. Bloodworth,184 So. 1, 6 (Fla. 1938). See generally, 67 C.J.S. Officers ss 67, 68. The term and cycle of office for all the commissioners are fixed by the statute as amended, and no provision is made for a "date of appointment" or for any changes in the established cycle of office other than that established by the statute before its amendment by Chapters 80-357 and 81-259, Laws of Florida, respectively. Further, while the Legislature has determined and specified the term and cycle of office for the entire membership of the governing board of the housing authority, no power is delegated by Ch. 80-357, supra, to the appointive authority to alter or change the date such cycles and terms of office commence or end or to establish preexisting or future cycle terms of office for the membership of the previously established housing authorities or for the expanded governing board authorized by Ch. 80-357, as amended by Ch. 81-259, Laws of Florida.
In sum, with regard to your second question, I am of the opinion that the "date of appointment" or determination of the respective cycles of office of the commissioners of the Housing Authority of the City of Miami Beach may not be altered or changed from that originally established, which apparently is October 11.
Therefore, it is my opinion, until judicially or legislatively determined otherwise, that the provisions of s 421.05(1), F.S., as amended by Ch. 80-357, and further amended by Ch. 81-259, Laws of Florida, which authorize an increase in the number of appointed city housing authority commissioners, may not be applied retrospectively to allow the number of commissioners of the previously established City of Miami Beach Housing Authority to be increased from five to seven. Further, the "date of appointment" or date of determination of respective cycles of office of the commissioners of the Housing Authority of the City of Miami Beach may not be altered or changed from that originally established, October 11.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General