STATE OF FLORIDA, ex rel. CARY D. LANDIS, Attorney General, *Plaintiff,* v. L. T. TAYLOR, *Defendant.*

146 So. 549.

Opinion filed March 2, 1933.

·*Philip D. Beall, Marion B. Knight,* and *James B. Watson,* for Relator;

*Welch & Solomon* and *H. V. McClellan,* for Respondent.

PER CURIAM.—By an information in the nature of *quo warranto* filed in this Court by the Attorney General against L. T. Taylor, it appears that at the general election in November, 1928, C. D. Clark was elected and thereafter qualified as Sheriff of Calhoun County for the term of four years beginning on the first Tuesday in January, 1929; that said C. D. Clark died April 4, 1930; that on April 23, 1930, E. A. McClellan was appointed by the Governor and commissioned as Sheriff of Calhoun County, until the next general election thereafter which was held in November, 1930, at which election R. J. Flanders was elected and subsequently was commissioned as Sheriff of Calhoun County for the unexpired term ending on the second Tuesday in January, 1933; that at the general election held in November, 1932, R. J. Flanders was elected Sheriff of Calhoun County for the term of four years beginning on the second Tuesday in January, 1933; that subsequent to such election, R. J. Flanders died December 13, 1932; that on December 21, 1932, Governor Doyle E. Carlton appointed and commissioned L. T. Taylor to be Sheriff of Calhoun County, "until the qualification of his successor, who may be chosen

at the ensuing general election," which general election will be held in November, 1934; that on January 18, 1933, Governor David Sholtz appointed and commissioned R. L. Flanders to be Sheriff of Calhoun County "until the qualification of his successor who may be chosen at the ensuing general election," which election will be held in November, 1934.

The information filed by the Attorney General prays that the defendant, L. T. Taylor, show "by what warrant of authority he claims to use, exercise, enjoy and perform the franchise, functions, jurisdiction and powers of Sheriff in and for Calhoun County, Florida.".

The answer of the defendant pleads his right to the office by virtue of his appointment and commission by Governor Doyle E. Carlton, dated December 21, 1932, above referred to, the claim being predicated upon the language of his commission, reading "to hold his office from the date of this commission until the qualification of his successor, who may be chosen at the ensuing general election," and upon the provisions of Section 6, Article XVIII of the Constitution.

The Attorney General moves for a judgment of ouster notwithstanding the answer.

Governor Carlton's term of office as Governor expired and Governor Sholtz's term began on the first Tuesday after the first Monday, i. e., January 3, 1933. Section 2, Article IV, Constitution.

The Constitution contains the following provisions:

"A general election shall be held in each County in this State on the first Tuesday after the first Monday in November, A. D. 1898, and every two years thereafter, for all elective State and county officers whose terms of office are about to expire, or for any elective office that shall have become vacant." Sec. 9, Art. XVIII, as amended in 1896.

"There shall be elected in each county a Sheriff, and a Clerk of the Circuit Court, who shall also be Clerk of the County Court, except in counties where there are Criminal Courts, and of the Board of County Commissioners, and Recorder and *ex-officio* Auditor of the County, each of whom shall hold office for four years. Their duties shall be prescribed by law." Sec. 15, Art. V.

"The first election for County Judge, Clerk of the Circuit Court, Sheriff, Tax Assessor, Tax Collector, County Treasurer, County Superintendent of Public Instruction, County Surveyor, Justices of the Peace, Constables and all other elective County Officers shall be at the general election in 1888." Sec. 10, Art. XVIII.

"The terms of office of all County officers, unless otherwise provided, shall commence on the first Tuesday after the first Monday in January next after their election." Sec. 14, Art. XVIII.

"The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution, shall extend only to the election and qualification of a successor at the ensuing general election." Sec. 6, Art. XVIII.

"When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the. Governor shall have the power to fill such vacancy by granting a commission for the unexpired term." Sec. 7, Art. IV.

The Governor has authority to fill vacancies in State, district and county offices. Sec. 464 (399) C. G. L. The law and not the commission issued to an officer controls as to the term of office. State ex rel. v. Amos, 101 Fla. 114, 133 So. 623. Where a person elected to an office dies before the beginning of the term for which he was elected, there is a vacancy in the office when the term begins, which may be filled as provided by law even though the incum-

bent of the office at the expiration of the previous term continues in office after the expiration of his official term until his successor is duly qualified as provided by Section 14, Article XVI of the Constitution.

Section 6, Article XVIII of the Constitution, is applicable where a vacancy in an elective office occurs when the remainder of the term in which the vacancy occurs extends beyond the next ensuing general election, in which case an appointment to fill the vacancy "shall extend only to the election and qualification of a successor at the ensuing general election." Advisory Opinion 25 Fla. 427, 5 So. 613; Advisory Opinion, 65 Fla. 434, 62 So. 363.

Section 7 of Article IV, is applicable to a vacancy in an elective office where the vacancy occurs when the remainder of the term in which the vacancy happens does not extend to or beyond the next ensuing general election, in which case "the Governor shall have power to fill such vacancy by granting a commission for the unexpired term." See Advisory Opinion, 31 Fla. 1, 12 So. 114, 18 L. R. A. 594. Where, to fill a vacancy in an elective office, a commission should be granted for the unexpired term, and a vacancy in the office occurs when or after the next succeeding term begins, an appointment to fill the vacancy "should extend only to the election and qualification of a successor at the ensuing general election," unless the remainder of the term in which the vacancy occurs does not extend to the next ensuing election, in which latter case "the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term."

Section 6, Article XVIII, of the Constitution contemplates appointments to fill vacancies in elective offices for terms that are current when the vacancies occur, and not to appointments to fill vacancies that have relation to terms not yet begun. Officers who were *elected* at the general

election in November, 1932, for terms beginning the following January, could have, between the election and the beginning of their terms, been *commissioned* by the Governor for the terms to which they were elected commencing on "the first Tuesday after the first Monday in January next after their election;" but where as here a vacancy occurred in an elective constitutional office *between* the election in November *and* the expiration of the then current term that ended in January after the general election, the appointment to fill the vacancy should not be made to hold the office until the next general election under Section 6 of Article XVIII of the Constitution, since that would cover a part of a future term; but the appointment should have been made under Section 7, Article IV, of the Constitution for the unexpired term then running, which unexpired term ended on the first Tuesday after the first Monday in January, 1933, i. e., January 3, 1933. Such appointee for the unexpired term would upon the expiration of the term, as in this case, continue in office until his successor is duly qualified as provided by Section 14 of Article XVI of the Constitution.

As, under the law which controls the commission issued to L. T. Taylor on December 21, 1932, should have been "for the unexpired term" which ended January 3, 1933, and as the commission issued by the Governor to R. L. Flanders, dated January 18, 1933, presupposed an appointment and a due qualification of the appointee, the commission to R. L. Flanders was properly written "to hold his office from the date of this commission until the qualification of his successor who may be chosen at the ensuing general election." Under Section 14, Article XVI, Constitution, L. T. Taylor properly held the office after January 3, 1933, until the qualification of his successor, R. L.

Flanders, under the appointment evidenced by his commission dated December 18, 1933.

The vacancy in the office of Sheriff of Calhoun County for the term beginning January 3, 1933, having been properly filled by the appointment and commissioning of R. L. Flanders, the defendant, L. T. Taylor, is not entitled to hold the office and a writ of ouster is awarded as prayed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.