ROBERTS, Justice.
Petitioner filed in this court a petition for a writ of mandamus to compel the Secretary of State to accept his qualification papers and fee to enable him to become a candidate for the office of Public Defender of the Fifteenth Judicial Circuit. He contends that the Public Defender in the Fifteenth Circuit must be elected in a general election in November, 1966 pursuant to Florida Statute 100.041, F.S.A. The alternative writ issued and the return of the respondent posed several minor defenses, but in the main denies that the officer in question should be elected in the general election to be conducted in 1966. The matter was then set for hearing and oral argument was heard on the question of whether or not peremptory writ should issue in accordance with the prayer of the petitioner. The pleadings, apparently prepared in haste, reach a bare minimum under our rules and have been of little assistance in disposing of the important question of law involved. We therefore have found it necessary to examine the records in the office of the Secretary of State, and from our search there we take judicial notice that one Clayton Nance was appointed as Public *884 Defender for the interim period from July 1, 1963 until the first Tuesday after the first Monday in January, 1965, this appointment having been made for the interim term under F.S. Section 27.50, F.S.A. Thereafter in 1964 Clayton Nance qualified and was unopposed for election to the office for a four-year term beginning on January 5, 1965, which was the first Tuesday after the first Monday in January, but on December 1, 1964, less than a month after his election, he resigned as Public Defender. The incumbent, Clyde Windham, was appointed on December 7, 1964 by the Governor to fill the vacancy in office and was issued a commission ending on the first Tuesday after the first Monday in January, 1969, which covered a span of four years and twenty-nine days. Although the files indicate that Mr. Nance resigned as Public Defender on December 1, 1964, the only term of office which he held at that time was the interim appointment expiring on January 5th, which was the first Tuesday after the first Monday in January, 1965, and which • had only about five weeks remaining. We have had no evidence presented to us, nor have we found any, where Mr. Nance resigned the four-year term to which he was elected in November, 1964 and which would have become effective on January 5, 1965 had he appeared and claimed the office. It is significant that for the period of time from the general election in November, 1964 until January 5, 1965 Mr. Nance was entitled to a new commission because of his election for a four-year term beginning January 5, 1965. He resigned his interim term and did not show to claim or qualify for his new term. Thus, his resignation from the only office he held on December 1, 1964 created a vacancy only until January 5, 1965 and that was the only vacancy in office which the Governor was eligible to fill. The commission by the Secretary of State, issued on December 7, 1964 (which on its face expired on the first Tuesday after the first Monday in January, 1969), was valid only until January 5, 1965, and the portion of the written commission which purported to extend the term beyond January 5, 1965 was void. This court is committed to the proposition it is the law, and not the face of the commission, which controls the term of office. See State ex rel. Landis v. Bird, 120 Fla. 780, 163 So. 248; also Advisory Opinion to Governor Burns, Fla., 171 So.2d 539; and State v. Taylor, 146 So. 549. In Gray v. Bryant, Fla., 125 So.2d 846, at page 861, the court said, “We have not overlooked the contention of the plaintiff-appellee that the case of State ex rel. Landis v. Taylor, 1933, 108 Fla. 541, 146 So. 549, controls the case at bar. We have carefully considered the reasoning and holding in that case and do now recede from it.” (Italics supplied.) In that dictum the court was receding from other parts of the decision in State ex rel. Landis v. Taylor, supra, and did not mean to, recede from the often announced rule that the law, and not commission issued to an officer, controls as to the term of office.
Since Windham was in office on January 5, 1965 and Nance did not claim nor qualify for the new four-year term to which he had been elected and which would begin on January 5, 1965, a day to day vacancy in office occurred at the end of the day of January 5, 1965, which was the terminal point under the law of the original interim term; and since no person has been appointed by the Governor to fill such vacancy, Windham has continued in office as a holdover subject to the qualification of a lawful successor. Nance could have claimed the four-year term to which he had been elected at any time within sixty days after his election as authorized by F.S. Section 114.01(5), F.S.A., but at the expiration of that sixty-day period the office was abandoned by him and the Governor was authorized by Florida Statute 114.04, F.S.A., to make an appointment until the first Tuesday after the first Monday in 1967. No such appointment having been made Windham is still the holdover incumbent and an election is required in 1966 to fill the unexpired two-year portion of the four-year term which began on January 5, *885 1965 and will end on the first Tuesday after the first Monday in 1969.
Section 7 of Article IV of the Constitution of Florida, F.S.A., does not apply in this case because it has been implemented by F.S. 114.04, F.S.A., in that a mode for filling the vacancy has been provided by statute; nor does Section 6 of Article XVIII apply because the office here under consideration is a statutory, rather than a constitutional, office.
In summary, we hold
(1) That the first four-year cycle for the office of Public Defender in Florida began January 5, 1965, and that the period from July 1, 1963, the effective date of the Public Defender Act, until January 5, 1965 was a statutory interim appointment.
(2) That on January 6, 1965 a vacancy in office came into existence which has continued to this day, and Mr. Windham being in office on January 5, 1965 continued in authority as a holdover until the present date.
(3)That a Public Defender should be elected in the 1966 general election for the unexpired term of the first cycle which will end the first Tuesday after the first Monday in January, 1969, for the Fifteenth Judicial Circuit of Florida.
On March 24, 1966 we entered judgment in this cause as follows:
“The Peremptory Writ of Mandamus has this day issued requiring compliance according to the terms of the Writ. The Court’s opinion in this cause will follow.”
For the reasons hereinabove stated, we reconfirm the judgment just above mentioned as the final disposition of this cause.
It is so ordered.
THORNAL, C. J., and THOMAS, DREW and O’CONNELL, JJ., concur.