Philip A. DeLaney Counsel for Cedar Key Special Water and Sewerage District Gainesville
QUESTION:
Are the elective commissioners of a special district whose elective terms of office have expired required to hold over and continue in office when no one has qualified to succeed any of them in office?
SUMMARY:
The elective commissioners of the Cedar Key Water and Sewerage District whose two-year elective terms in office have expired are not required under the terms of s. 5(b), Art. II, State Const., to hold over and continue in office when no one has qualified to succeed them in office, as that provision is inapplicable to district officers. However, under s. 114.04, F. S., the Governor is authorized to fill all vacancies in district office for the remainder of the term if less than 28 months; thus, since the enabling Legislation creating the special district does not provide procedures for filling multiple vacancies on its governing board, the Governor may appoint persons to fill such vacancies for the remainder of the unexpired terms.
As to the status of the incumbent commissioners whose terms have expired, they are considered de facto officers and may continue in such status until their successors have been duly appointed or elected to office and have qualified for and taken office.
Chapter 63-1569, Laws of Florida, as amended by Chs. 75-426 and 76-416, Laws of Florida, establishes the Cedar Key Special Water and Sewerage District. As originally enacted, s. 2 of Ch. 63-1569,supra, provided that the governing board of said district shall be composed of three commissioners, each appointed by the Governor. In 1975, however, the Legislature amended the enabling legislation creating the district to provide for an elected
five-member board of commissioners. Chapter 75-426, Laws of Florida.
Your letter advises, however, that the terms of office of three of the elected commissioners expired on May 4, 1978, but that none of said commissioners chose to run for reelection. You further state that in accordance with the terms of s. 2(e) of Ch. 63-1569, as amended, a special election had been called to elect replacements for the commissioners whose terms were set to expire. However, the candidates' qualifying period provided for in the call of such special election expired without any candidate having sought to qualify for election to the several offices. You state that the current incumbent members are in doubt as to what to do under these circumstances, but that you have advised the three affected commissioners that it is their duty to `hold over and continue in office until another election is called and a qualified successor is elected,' citing s. 5(b), Art. II, State Const., as authority therefor.
Section 5(b), Art. II, State Const., in pertinent part provides that `[e]ach state and county officer . . . shall . . . continue in office until his successor qualifies.' (Emphasis supplied.)
Florida Supreme Court decisions and Attorney General Opinions have, however, consistently held that a district office is not a state or county office for purposes of various constitutional and statutory provisions. See State v. Ocean Shore Improvement District, 156 So. 433 (Fla. 1934); State v. Reardon, 154 So. 742
(Fla. 1936); Town of Palm Beach v. City of West Palm Beach,55 So.2d 566 (Fla. 1951); Bair v. Central and Southern Flood Control District, 144 So.2d 818 (Fla. 1962), and AGO's 078-74, 078-11, 074-169, and 074-7.
Moreover, the Florida Supreme Court has expressly ruled that officers of a special district were not within the purview of s. 14, Art. XVI of the 1885 Constitution which provided that `[a]ll state, county and municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified.' See State ex rel. Smith v. Hamilton, 166 So. 742 (Fla. 1936). The pertinent requirements of present s. 5(b), Art. II, State Const., are essentially the same with respect to state and county officers. Accordingly, it is evident that the members of the district's governing body are notrequired by s. 5(b), Art. II, to hold over or continue in office after the expiration of their terms until the qualification of their successors.
The foregoing judicial decisions and Attorney General Opinions also compel the conclusion that s. 1(f), Art. IV, State Const., is not applicable to your inquiry, since that section empowers the Governor.
 . . . [w]hen not otherwise provided for in this constitution . . . [to] fill by appointment any vacancy in state or county office . . . for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election. (Emphasis supplied.)
As s. 1(f), Art. IV, supra, does not include district officers within its terms it is, like s. 5(b), Art. II, supra, inapplicable to your inquiry. See also AGO 073-245. However, s. 2(f) of Ch.63-1569, as amended by s. 1 of Ch. 75-426, does provide a means for filling a vacancy on the governing board of the district: `In case of a vacancy being created in the membership of the board,the remaining four members shall appoint a qualified person to serve until the next election.' (Emphasis supplied.)
It is evident, however, that this language does not contemplate or provide a solution for the situation presented by your question. As of May 4, 1974, three vacancies existed in the membership of the board; nothing in the above-cited language permits two members of the board to appoint persons to fill three vacancies. As stated by the Florida Supreme Court in State ex rel. Landis v. Bird,163 So. 248 (Fla. 1935) at 260:
 Authority to appoint officers is not inherent in the general powers of any department of the government, and must be duly conferred before it can be lawfully exercised. When such delegated authority is conferred, it should be exercised strictly within the terms, limitations and intendments of the delegating language used as judicially interpreted. (Emphasis supplied.)
Since the enabling legislation establishing the district does not provide a procedure for filling multiple vacancies on the governing board under the circumstances contained in your letter, it is appropriate to examine pertinent provisions contained in general law relating to vacancies in office.
Section 114.04, F. S., provides in part as follows:
 Except as otherwise provided in the State Constitution, the Governor shall fill by appointment any vacancy in a state, district, or county office, other than a member or officer of the Legislature, for the remainder of the term of an appointive officer and for the remainder of the term of an elective office, if there is less than 28 months remaining in the term; otherwise, until the first Tuesday after the first Monday following the next general election. (Emphasis supplied.)
It is evident from an examination of the above-quoted statute that it authorizes the Governor to appoint three qualified persons to fill the existing vacancies in office in the district. Under. s. 2(e) of Ch. 63-1569, as amended, the commissioners are elected to fill 2-year terms; thus the remaining portion of the unexpired terms in question is less than 28 months. Accordingly, the Governor may fill these vacancies for the remainder of the unexpired terms. Cf. AGO 073-245, in which this office ruled that, in the absence of any specific provisions in the enabling legislation creating a special district relating to vacancies in office, the Governor was authorized under s. 114.04, F. S. 1973 (which provided that, where a vacancy existed in district office, the Governor was required to appoint a person to fill the vacancy, which person was required to hold office until the same was filled in an election as provided by law), to fill the vacancy.
As to the status of the three commissioners whose terms have expired, it would appear that they would be authorized but not required to hold over as de facto officers until the election and qualification of their successors or until the Governor makes ad interim appointments to fill the vacancies. See 67 C.J.S. Officers
s. 140, stating that an officer who holds over after the expiration of his term of office when there is no legal provision therefor may be regarded as a de facto officer. And, as noted in AGO 073-193, until the appointment or election of his successor,
 . . . a de facto officer and the title to his office or the authority to act as a de facto officer cannot be collaterally attacked or inquired into by third parties. Treasure, Inc., v. State Beverage Department, 238 So.2d 580, 585-586 (Fla. 1971); State v. Murphy, 13 So. 705, 716 (Fla. 1893).
Accordingly, it would appear that the incumbent commissioners whose terms have expired would be authorized, though not required, to hold over as de facto officers exercising the functions of their offices until their successors have by appointment or election qualified themselves to take office. State v. Wiseheart,28 So.2d 589 (Fla. 1947); Colbath v. Adams, 184 So.2d 883 (Fla. 1966).
Prepared by: Patricia R. Gleason, Assistant Attorney General