Mr. Daniel S. McIntyre County Attorney St. Lucie County 2300 Virginia Avenue Fort Pierce, Florida 34982-5652
Dear Mr. McIntyre:
You ask substantially the following question:
 May a county commissioner whose district's lines are redrawn so that the commissioner's residence is outside the district from which he was elected change residence prior to the expiration of his or her current term to a location within the newly drawn district, but outside the boundaries of the original district, without creating a vacancy in office pursuant to s. 114.01(g), F.S., and s. 3, Art. X, State Const.?
In summary:
 A county commissioner whose residence is no longer within the district from which he was elected due to the redrawing of district lines or redistricting may change residence to a location within the newly drawn district prior to the expiration of his term without creating a vacancy in office.
Residency in the district which a county commissioner represents is required by law.[1] This office, however, has previously stated that a change in the boundary line of commission districts or redistricting does not deprive a county commissioner of the right to hold office for the rest of his term, even though the commissioner's residence may no longer be within the district which he represents.[2] Thus, it appears clear that the redrawing of district lines cannot operate to deprive a commissioner of the office for which he or she was elected.
In AGO 72-177, this office considered whether a county commissioner whose residence was no longer within the district from which he was elected due to redistricting could seek election in the new district which his residence occupied without resigning his office. It was concluded that the commissioner would have to comply with the Resign-to-Run Law in order to seek election in a district other than the one from which he was elected.[3]
Although the commissioner could not be deprived of his office due to the redistricting, he could not seek election in another district (the one which he then resided in due to the redistricting) without resigning his old office.[4]
Section 3, Art. X, State Const., provides that a "[v]acancy in office shall occur upon . . . failure to maintain the residence required when elected or appointed. . . ." Likewise, s. 114.01(1)(g), F.S., provides that a vacancy in office shall occur "[u]pon the officer's failure to maintain the residence required of him by law."
Based upon the discussion above, the redrawing of county commission district lines or redistricting such that a commissioner's residence is no longer in the district from which he was elected does not operate to create a vacancy in the commissioner's office.[5]
In State ex rel. Askew v. Thomas,[6] the Supreme Court determined that a school board commissioner who chose to relocate her residence outside the area from which she was elected had failed to maintain the residency required for her office, leaving her office vacant. The Court found the constitutional and statutory requirement of maintaining residency applicable during any of the term in which the office was held. In simplifying the implications of an officer moving out of the district from which he or she was elected, the Court stated "if he leaves, he leaves his office and a vacancy occurs in that residence area to be filled."[7]
The analysis in Thomas would apply equally to county commissioners, given the constitutional and statutory requirements of residency for that office.[8] A commissioner who chooses to relocate his or her residence outside the district fails to maintain the required residency, resulting in a vacancy in the office.
I am unable to conclude, however, that a commissioner who moves his residence into a newly drawn district which he already represents would, thereby, create a vacancy in the office. The commissioner's move into the newly drawn district does not result in a failure to maintain the required residency. Moreover, if the commissioner moves to establish residency to qualify for re-election to the office which he holds, no part of the term of the office sought runs concurrently with the office he presently holds.
Based upon the above, it is my opinion that a county commissioner whose residence is displaced from the district the commissioner represents due to redrawing of district lines or redistricting may relocate his or her residence to the new district which he or she represents without creating a vacancy in office.
Sincerely,
Robert A. Butterworth Attorney General (ls)
[1] See, s. 1(e), Art. VIII, State Const., providing that "[o]ne commissioner residing in each district shall be elected as provided by law;" s. 124.01, F.S., providing for the election of one county commissioner for each county commission, as provided by s. 1(e), Art. VIII, State Const. and s. 124.011(1)(a), F.S., stating that "[f]ive county commissioners shall reside one in each of five county commission districts," under single-member representation districts. (e.s.) See also, AGO 55-182 (county commissioner must reside in the district in which he or she was elected).
[2] See, AGO 46-389 concluding that a county commissioner whose district's lines are redrawn such that the commissioner's residence is no longer within the district from which he or she was elected remains a commissioner for the district, provided the residence is still within the county; AGO 51-265 concluding that redistricting during the county commissioner's term which results in the commissioner no longer residing in the district from which elected does not deprive the commissioner of his office.
[3] See, s. 99.012(2), F.S., Florida's Resign-to-Run Law, stating that "[n]o individual may qualify as a candidate for public office who holds another elective or appointive office, whether state, county, or municipal, the term of which or any part thereof runs concurrently with the terms of office for which he seeks to qualify without resigning from such office not less than 10 days prior to the first day of qualifying for the office he intends to seek."
[4] In AGO 72-177, the term of office for the county commissioner overlapped that of the office which he sought, creating a clear requirement that he resign his current office pursuant to s.99.012, F.S.
[5] It is recognized that s. 97.012, F.S., makes the Secretary of State the chief election officer of the state with responsibility to "[o]btain and maintain uniformity in the application, operation, and interpretation of the election laws [Chs. 97-106, F.S.]."
[6] 293 So.2d 40 (Fla. 1974).
[7] Id. at 43.
[8] See, ft. nt. 1, supra.