Mr. Thomas A. Sheehan, III General Counsel Florida Inland Navigation District Post Office Box 3888 West Palm Beach, Florida 33402-3888
Dear Mr. Sheehan:
On behalf of the Florida Inland Navigation District, you have asked for my opinion on the following question:
May a Florida Inland Navigation District Commissioner, whose office becomes vacant when that commissioner changes residence, continue to serve as the commissioner of the county for which he was originally appointed pending the naming of a successor to that position?
In sum:
The failure of a Florida Inland Navigation District Commissioner to maintain a residence in the county he was appointed to represent would result in a vacancy that must be filled by the Governor and, since the member no longer meets the statutory requirements for service on the board, he may not continue to serve until a successor is appointed.
According to your letter, a Commissioner of the Florida Inland Navigation District whose term would otherwise expire in January 1999 will be moving outside the county he represents prior to the expiration of his term. You have advised the commission that this position will be vacant when the commissioner moves and a successor must be appointed.[1] However, appointments in the past, both to fill vacancies and to fill expired terms of commissioners, have sometimes taken several months. The commissioner in question would like to continue to serve the county from which he was originally appointed until his successor takes office. You ask whether this may be permissible.
Part II, Chapter 374, Florida Statutes, was adopted in 1996 and is cited as the "Florida Inland Navigation District Law."[2] The law creates an independent special taxing district to improve and maintain the Intracoastal Waterway from the St. Mary's River to the southernmost boundary of Dade County.[3] The territorial boundaries of the district include the counties of Duval, St. Johns, Flagler, Volusia, Brevard, St. Lucie, Martin, Indian River, Palm Beach, Broward, and Dade.[4]
The act creates an eleven-member governing body for the district to be known as the "Board of Commissioners of the Florida Inland Navigation District" and allows the present commissioners to continue to hold office until the expiration of their current terms of office.[5] Pursuant to section 374.983(2), Florida Statutes, on January 10, 1999, the Governor shall appoint the commissioner from Dade County. Each county is represented by one commissioner who must be a qualified elector and reside in the district. No two commissioners may reside in the same county in the district.[6] This section also provides that "[w]henever a vacancy occurs among the commissioners, the person appointed to fill such vacancy shall hold office for the unexpired portion of the term of the commissioner whose place he or she is selected to fill."[7] Thus, under the set of facts you have provided, a vacancy in office would be created by the departure of a commissioner from his district where the unexpired portion of his term would last only a few months.
Article II, section 5(b), Florida Constitution, in part provides that "[e]ach state and county officer . . . shall . . . continue in office until his successor qualifies." However, Florida Supreme Court decisions and Attorney General Opinions have consistently held that a district office is not a state or county office for purposes of various constitutional and statutory provisions.[8]
Moreover, the Florida Supreme Court has expressly ruled that officers of a special district were not within the purview of Article XVI, section 14, of the 1885 Constitution, which provided that "[a]ll state, county and municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified."[9] The pertinent requirements of present Article II, section 5(b), Florida Constitution, are essentially the same with respect to state and county officers. Thus, board members of the Florida Inland Navigation District are not bound by the constitutional requirement for holding over or continuing in office until the qualification of their successors.
In a situation similar to the one involved in this request, the Florida Supreme Court determined that a school board commissioner who chose to relocate her residence outside the area from which she was elected had failed to maintain the residency required for her office, leaving her office vacant. In State ex rel. Askew v. Thomas,[10] the court found the constitutional and statutory requirement of maintaining residency applicable during all of the term in which the office was held.
The Court noted that the provision in Chapter 230, Florida Statutes, prescribing qualifications for school board members requires that each member "be a resident of the school board member residence area from which he is elected[.]"[11] Another statutory section provides that "[t]he office of any school board member shall be vacant when he removes his residence from the school board member residence area from which he was elected."[12]
Finally, the Court noted that Article X, section 3, Florida Constitution, states:
"Vacancy in office shall occur upon the creation of an office, upon the death of the incumbent or his removal from office, resignation, succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residencerequired when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term."[13] (e.s.)
In simplifying the implications of an officer moving out of the district from which he or she was elected, the court stated "if he leaves, he leaves his office and a vacancy occurs in that residence area to be filled."[14]
Similarly, in the instant case, the controlling statute requires that each county in the Florida Inland Navigation District be represented by a commissioner who must reside in the district.
An additional consideration is the statutory prohibition against any two commissioners serving on the district board if they reside in the same county. Thus, the failure of a commissioner to maintain a residence in the county he or she was appointed to represent would result in a vacancy in that office that must be filled by the Governor and, since the member no longer would meet the statutory requirements for service on the board, he may not continue to serve until such time as a successor is appointed.
This situation may be contrasted with those cases where a commissioner's term expires and no successor has been chosen. Under such circumstances, the courts[15] and this office have determined that the incumbent officer may hold over as a de facto officer. In Attorney General's Opinion 78-107, the two-year terms of three of the elective commissioners of a special district had expired and no one had qualified to succeed them in office nor had they chosen to run for reelection. The opinion concluded that the commissioners whose terms had expired could, but were not required to, hold over as de facto officers until such time as the Governor could appoint their successors. In that situation, however, unlike the one presented by the Florida Inland Navigation District board member, the commissioners met the statutory requirements for holding office.
In sum, it is my opinion that a Florida Inland Navigation District Commissioner who changes his residence to another county may not hold over and continue in office until a successor has been appointed to fill the remainder of his unexpired term.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Art. X, s. 3, Fla. Const., providing that a vacancy in office shall occur upon the "failure [of the officer] to maintain the residence required when . . . appointed" and s. 114.01(1)(g), Fla. Stat. See also, s. 114.04, Fla. Stat., authorizing the Governor to fill vacancies by appointment in a district office for the remainder of the term of an appointive officer.
[2] See, Ch. 96-425, Laws of Florida, and s. 374.981, Fla. Stat., providing a title for the act.
[3] See, ss. 374.982 and 374.984, Fla. Stat.
[4] Section 374.982, Fla. Stat.
[5] Section 374.983(1) and (2), Fla. Stat.
[6] Section 374.983(1), Fla. Stat.
[7] Section 373.983(2), Fla. Stat.
[8] See, State v. Ocean Shore Improvement District, 156 So. 433
(Fla. 1934); State ex rel. Landis v. Reardon, 154 So. 868 (Fla. 1934); Town of Palm Beach v. City of West Palm Beach,55 So.2d 566 (Fla. 1951); Bair v. Central and Southern Flood ControlDistrict, 144 So.2d 818 (Fla. 1962); and Ops. Att'y Gen. Fla. 78-107 (1978), 78-74 (1978), 78-11 (1978), 74-169 (1974) and 74-7 (1974).
[9] See, State ex rel. Smith v. Hamilton, 166 So. 742 (Fla. 1936).
[10] 293 So.2d 40 (Fla. 1974).
[11] Section 230.04, Fla. Stat. (1973).
[12] Section 230.19, Fla. Stat. (1973).
[13] And see, s. 114.01(1)(g), Fla. Stat., providing that a vacancy in office shall occur "[u]pon the officer's failure to maintain the residence required of him or her by law."
[14] State ex rel. Askew v. Thomas, 293 So.2d 40, 43 (Fla. 1974).
[15] See, State ex rel. Robert v. Murphy, 13 So. 705 (Fla. 1893); Colbath v. Adams, 184 So.2d 883 (Fla. 1966).