Mr. G. Russell Petersen School Board Attorney Indian River County 3339 Cardinal Drive, Suite 200 Vero Beach, Florida 32963
Dear Mr. Petersen:
On behalf of the Indian River County School Board, you ask substantially the following question:
How does section 230.061(2), Florida Statutes, restrict a school board's ability to change an incumbent school board member's residence area boundaries?
In sum:
Pursuant to section 230.061(2), Florida Statutes, the school board may make changes to the residence area boundaries of school board members in odd numbered years. When there is such a change, an incumbent school board member would continue to serve as the board member from that residence area until his or her current term ends even though the member may, due to redistricting, no longer live in the residence area. After the expiration of his or her current term, the school board member would be subject to the redrawn residence area boundaries.
You state that the Indian River County School District is considering redistricting its five school board member residence areas to balance the voter population and to approximate the county commission member district boundaries. As a result of redistricting, two incumbent members may reside in the same district.
Section 230.04, Florida Statutes, provides:
"The school board in each district shall be composed of not less than five members. Each member of the school board shall be a qualified elector of the district in which she or he serves, shall be a resident of the school board member residence area from which she or he is elected, and shall maintain said residency throughout her or his term of office."[1]
Pursuant to section 230.19, Florida Statutes, "[t]he office of any school board member shall be vacant when the member removes his or her residence from the school board member residence area from which he or she was elected."[2]
Section 230.061(2), Florida Statutes, however, authorizes the school board to readjust school board member residence areas by providing:
"The school board of any district may make any change which it deems necessary in the boundaries of any school board member residence area of the district at any meeting of the school board; provided that such changes shall be made only in odd-numbered years and provided further, that no change which would affect the residence qualifications of any incumbent member shall disqualify such incumbent member during the term for which he or she is elected."
Thus, while section 230.061(2), Florida Statutes, permits the school board to make changes in member residence areas in odd-numbered years, it prohibits such a change from affecting the residence qualifications of any incumbent member "during the term for which he or she is elected." The restriction, however, is only for the term for which the incumbent has been elected. It does not carry forward to any future term for which the member may run for re-election. Nor does it prevent a member from being "drawn out" of his present residence area. It only prevents the redrawing of area lines from affecting the current term of the school board member.
The situation is analogous to that of county commissioners whose districts have been redrawn. A county commissioner is required to reside in the district from which he or she was elected.[3] This office, however, has stated that a change in the boundary line of commission districts or redistricting does not deprive a county commissioner of the right to hold office for the rest of the term, even though the commissioner's residence may no longer be within the district from which he or she was elected.[4] The redrawing of district lines cannot operate to deprive a commissioner of the office for which he or she was elected. Instead, the commissioner is entitled to serve out the remainder of his or her term as the commissioner from the district to which he or she was originally elected, even though after redistricting his or her residence is now incorporated in a different district.
Similarly, a school board member who is elected to serve as the board member from a residence area and who, due to redistricting, no longer resides within that residence area, would continue to represent that residence area until his or her current term ends. Thus, for example, if a board member, elected to serve as the school board member from residence area "A" is, as a result of redistricting, now residing in residence area "B," the board member will continue to serve as the board member from residence area "A" until the expiration of his or her current term of office. The fact that two school board members may actually reside in residence area "B" (i.e., the member who was elected to serve as residence area "B" board member and the member who now resides in "B" because of redistricting) does not affect either member's responsibility to continue to serve as the member from the residence area from which he or she was elected until the end of the school board member's current term of office.[5]
Accordingly, I am of the opinion that pursuant to section 230.061(2), Florida Statutes, when there is a change in the boundaries of a school board member's residence area of the district, the school board member would continue to serve as the board member from that residence area until his or her current term ends. After the expiration of his or her current term, the school board member would be subject to the redrawn residence area boundaries.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 230.061(1), Fla. Stat., which states that for the purpose of nominating and electing school board members, each district shall be divided into at least five district school board member residence areas, which shall be numbered one to five, inclusive, and which shall, as nearly as practicable, be equal in population. But see, s. 230.061(1)(a) and (b), Fla. Stat., providing for those school districts which have seven school board members.
[2] And see, Art. X, s. 3, Fla. Const. (vacancy in office shall occur upon, among others, failure to maintain the residence required when elected or appointed). See also, State ex rel. Askewv. Thomas, 293 So.2d 40 (Fla. 1974), holding that a vacancy occurred when a school board member chose to relocate her residence outside the area from which she was elected, thus failing to maintain the residency required for her office. The Court found the constitutional and statutory requirement of maintaining residency applicable during any of the term in which the office was held.
[3] See, Art. VIII, s. 1(e), Fla. Const., and ss. 124.01 and124.011(1)(a), Fla. Stat.
[4] See, Ops. Att'y Gen. Fla. 46-389, p. 178 (1945-1946), 51-265, p. 223 (1951-1952), and 72-177 (1972). And see, Op. Att'y Gen. Fla. 92-01 (1992), stating that a vacancy in office does not exist when an appointed member of the county board of zoning adjustment has his residence included in another commission district as a result of the decennial redistricting required by law.
[5] For example, member #1 is elected to serve from residence area "A" for a term that ends in the year 2000 and member #2 is elected to serve from residence area "B" for a term that ends in the year 2002. Due to redistricting in 1999, member #1 now resides in residence area "B". In accordance with s. 230.061(2), Fla. Stat., member #1 would continue to serve as residence area "A"'s board member until his or her term ended in the year 2000. However, since member #1 no longer resides in area "A", he or she could not run for reelection to represent that residence area. Nor could member #1 run in the year 2000 for residence area "B" since member #2's term does not end until the year 2002.