Mr. Douglas G. Griffin Martin County School Board Attorney 500 East Ocean Boulevard Stuart, Florida 34994
Dear Mr. Griffin:
You have asked for my opinion on substantially the following question:
Does a violation of the residence requirements for school board members pursuant to section 230.061, Florida Statutes, occur if the numbers of the various school board members' residence areas are reassigned?
In sum:
The mere renumbering of school board member residence areas to coincide with those of county commission residence districts does not result in a violation of the residence requirements for school board members pursuant to section 230.061, Florida Statutes. Thus, no vacancy in office would result from the reassignment of number designations for any such district.
According to your letter, the Martin County School Board is evaluating potential changes to the residence area boundaries of school board members following the 2000 census. The school board member residence area boundaries are the same as the residence area boundaries of members of the Martin County Commission. While these districts have identical boundaries, the numbers with which the districts are identified are not identical. The school board would like to renumber its member residence areas to coincide with the county's numbering scheme in order to minimize voter confusion. However, you are concerned that this renumbering may result in school board members no longer residing in the districts from which they were elected, thereby creating vacancies. As an example you state:
School Board Member X was elected in November 2000 to a four-year term as School Board member for "District 4". Although the School Board member has continued to reside within the same geographic region to which he was elected, he would no longer be a resident of "District 4" under the proposed renumbering. Instead, he would be a resident of "District 5". Would this change in numbering create a situation in which School Board Member X is a non-resident of the district for which he was elected?
Article IX, section 4(a), Florida Constitution, provides that each county constitutes a school district and that "[i]n each school district there shall be a school board composed of five or more members chosen by vote of the electors in a nonpartisan election for appropriately staggered terms of four years, as provided by law." The statutes implement this constitutional mandate in the provisions of Chapter 230, Florida Statutes.[1]
With regard to residence, section 230.04, Florida Statutes, requires that each member of the school board "shall be a resident of the school board member residence area from which she or he is elected, and shall maintain said residency throughout her or his term of office." Section 230.061, Florida Statutes, providing for school board member residence areas states:
"(1) For the purpose of electing school board members, each district shall be divided into at least five district school board member residence areas, which shall be numbered one to five, inclusive, and which shall, as nearly as practicable, be equal in population.
* * *
(2) The school board of any district may make any change which it deems necessary in the boundaries of any school board member residence area of the district at any meeting of the school board; provided that such changes shall be made only in odd-numbered years and provided further, that no change which would affect the residence qualifications of any incumbent member shall disqualify such incumbent member during the term for which he or she is elected.
* * *"
The statute goes on to provide that changes in boundaries are to be made by school board resolution, recorded in the office of the clerk of the circuit court, and published in a local newspaper within 30 days after adoption.
The statutory scheme obviously contemplates the periodic redrawing of member residence districts and requires that when such redistricting is accomplished, incumbent members may continue to serve the remainder of their terms.[2] The mere renumbering of member residence districts to coincide with those of county commission districts would appear to be in the nature of a ministerial task, having no effect on the qualifications of a school board member or on his or her actual residence within a residence area.
The Florida Supreme Court considered the issue of residence for school board members in the case of State ex rel. Askew v. Thomas, and the rationale for an ongoing residence requirement was discussed.[3] After election from the district in which she resided, Ms. Thomas married and moved to another school board member residence area. At the time of the Thomas case, as now, section 230.19, Florida Statutes, provided that any school board member who "removes" his or her residence from the school board member residence area from which he or she was elected creates a vacancy in office and the Governor may fill that vacancy by appointment.[4] A quo warranto proceeding was brought to determine whether Ms. Thomas retained her office after moving from the residence area from which she was elected.
The Court recognized "the continuing requirement of that residency in the area from which such person is chosen; if he leaves, he leaves his office and a vacancy occurs in that residence area to be filled."[5] The continuing residency requirement was characterized as being "paramount":
"There is understandable logic and reason for the residency requirement in this position; firsthand knowledge of conditions within a particular school board area are important to the service of the elected member. Perhaps it was felt in drafting the statute that the elected official would not be as responsive or as informed or as sensitive to the needs of that area if she did not live there with the people and their problems with which she was elected to deal. Certainly this is not an unreasonable prerogative of the electorate, nor an unreasonable requirement of the office."[6]
The Court declared the office vacant in accordance with both the Constitution and the statutes.
Unlike the situation in the Thomas case, the mere renumbering of school board member residence areas does not result in vacancies in office. The members continue to maintain their residence in the area each represents, as they have not moved or otherwise become disqualified to hold office.
Thus, it is my opinion that the mere renumbering of school board member residence areas does not result in a violation of the residence requirements for school board members pursuant to section 230.061, Florida Statutes, resulting in a vacancy in office for any such district.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 230.01, Fla. Stat., providing that each county shall constitute a school district; s. 230.04, Fla. Stat., requiring that a school board be composed of not less than five members; s. 230.05, Fla. Stat., prescribing the term of office for school board members; and s. 230.10, Fla. Stat., requiring a nonpartisan election of school board members.
[2] See, Op. Att'y Gen. Fla. 99-36 (1999) (Pursuant to s. 230.061(2), Fla. Stat., the school board may make changes to the residence area boundaries of school board members in odd numbered years. When there is such a change, an incumbent school board member would continue to serve as the board member from that residence area until his or her current term ends even though the member may, due to redistricting, no longer live in the residence area. After the expiration of his or her current term, the school board member would be subject to the redrawn residence area boundaries.)
[3] 293 So.2d 40 (Fla. 1974).
[4] Section 230.19, Fla. Stat.
[5] 293 So.2d at 43 (Fla. 1974).
[6] Id.